U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 14 2012
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY WALLACE, §
　　　　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　　　　§
　　　　　　　　　　　　　§
VS. § NO. 4:12-CV-388-A
　　　　　　　　　　　　　§ (NO. 4:07-CR-039-A)
UNITED STATES OF AMERICA, §
　　　　　　　　　　　　　§
　　　　Respondent. §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is the motion of Billy Wallace ("Wallace") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that the motion should be dismissed as time-barred.

I.

<u>Background</u>

On May 25, 2007, Wallace pleaded guilty to one count of possessing 50 grams or more of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. The district court sentenced Wallace to 224 months of imprisonment and a five-year term of supervised release on February 25, 2009. Movant timely appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. <u>United States v. Wallace</u>, No. 09-10216, 333 Fed. App'x. 883 (5th Cir. 2009) (per curiam). Thus, his judgment of conviction became

final under § 2255 on February 15, 2010, the last day that he could file his petition for certiorari with the United States Supreme Court.

On October 20, 2011, Wallace filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). On December 15, 2011, the court granted his motion for reduction of sentence and reduced his previously imposed sentence of imprisonment from 224 months to 188 months of imprisonment.

On June 11, 2012, Wallace filed this instant motion seeking relief under 28 U.S.C. § 2255.

## II.

### Analysis

The court now considers the standard for determining the timeliness of § 2255 motions, and applies that standard to Wallace's motion. A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). Section 2255(f) provides that:

> The [one-year] limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If the limitations period is determined by the date on which the judgment of conviction became final, then movant's § 2255 motion is clearly time-barred. "[T]he conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000). In this case, the Fifth Circuit dismissed movant's appeal on November 16, 2009. Because movant did not appeal to the U.S. Supreme Court, his conviction became final on February 15, 2010. Therefore, the instant § 2255 motion filed on June 11, 2012--over two years later--was filed well beyond the expiration of the one-year limitations period.

Movant argues that the limitations period was not controlled by the date on which the judgment of conviction became final. See 28 U.S.C. § 2555(f)(1). Rather, movant argues that the limitations period did not begin until "the date the new rule of DePierre v. United States, 131 S. Ct. 2255 (2011), was recognized by the Supreme Court." Mot. at 1. This argument concerning the recognition of a new constitutional rule appears to be directed at § 2255(f)(3).[1] Subsection (3) of § 2255(f) provides that the statute of limitations will not run until "the date on which the

---

[1] Movant's motion is also titled "Habeas Petition 2255(f)(3)."

right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The "newly recognized," "retroactively applicable" right that movant generally alludes to is the right to have the exact "quantity of drugs" actually stated in his indictment and found by a jury. Movant claims the Supreme Court recognized this right in <u>DePierre v. United States</u>, __ U.S. __, 132 S. Ct. 2225 (2011), and further argues that

> . . . . <u>DePierre</u> decriminalized the use of the 841(b)(iii) penalty provisions when no drug amount of cocaine base was stipulated in the indictment and found by a jury beyond a reasonable doubt.
>
> <u>DePierre</u> clearly stated, there is no substance difference in the mandatory minimum penalty of five years, the only difference is that (ii) states 5 grams and (iii) states  500 grams. <u>Based on this finding by the Supreme Court,</u> DePierre <u>calls for the quantity of drugs to be stated in the indictment and found beyond a reasonable doubt.</u> Schriror v Summerlin, 542 US 348, 159 Led 2d 442, 124 S Ct 2579 (2004) is a substantive rule that narrow the scope of a criminal statute by interpreting it terms is retroactive because it carries a significant risk that a defendant stand convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon the defendant.
>
> The Petitioner was indicted for 50 grams or more and convicted accordingly, there was no stipulation to a drug amount, therefore, <u>DePierre</u> is applicable in this case.

Mot. at 1-2 (errors in original) (emphasis added).

Petitioner appears to claim that the holding in <u>DePierre</u> made the "drug amount" an element of an offense under § 841 that the government was required to prove beyond a reasonable doubt.

4

Because his indictment failed to alleged the actual drug amount, petitioner argues his conviction and sentence should be nullified.

The holding in <u>DePierre</u>, however, does not say that, nor does it contain any language that "calls for the quantity of drugs to be stated in the indictment and found beyond a reasonable doubt." Mot. at 1. Instead, the principal issue addressed was whether the meaning of "cocaine base" in the text of former 21 U.S.C. § 841(b)(1)(A)(iii) included solely crack cocaine or additionally included any form of cocaine in its "basic form."[2] In defining "cocaine base," the Supreme Court held that the term "cocaine base" as used in § 841 refers to cocaine in its "basic form," and not solely crack cocaine. 132 S. Ct. at 2237. That is, "cocaine base" encompasses more than just "crack cocaine"; it encompasses all forms of "base" cocaine, including crack, free base, coca paste, or any other "base" form of cocaine. <u>Id.</u> at 2231-32. Other than this narrow holding, however, <u>DePierre</u> did not state any requirement mandating that the exact drug amount be included in the indictment. Consequently, the court concludes that <u>DePierre</u> is inapplicable to movant's case.

Additionally, <u>DePierre</u> has not been recognized or declared a retroactively applicable Supreme Court decision. It only clarified existing law. And, movant fails to identify any other applicable "newly recognized," "retroactively applicable"

---

[2]Section 841 provided that the possession of 50 grams or more of "cocaine base" triggered a mandatory minimum ten-year sentence, and that the possession of 5 grams or more of the same triggered a mandatory minimum five-year sentence.

5

constitutional right that would delay the start of the § 2255 limitations period. Thus, the court finds nothing in the allegations that would cause the court to conclude that movant's instant motion was timely under § 2255(f)(3).

The court therefore concludes that the limitations period on movant's § 2255 motion began on the date on which his judgment of conviction became final. Accordingly, because his motion was not filed until over a year after the termination of the one-year limitations period, his motion is time-barred.

### III.

### Order

Therefore,

The court ORDERS that Wallace's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 14, 2012.

JOHN McBRYDE
United States District Judge